# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1015

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Curtis E. DeWitt, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 24, 2004
Filed: November 30, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Curtis E. DeWitt appeals the sentence the district court[*] imposed after DeWitt pleaded guilty to conspiring to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. DeWitt argues the district court committed error in imposing a 2-level U.S.S.G. § 3B1.1(c) role enhancement. We conclude the district court did not plainly fall into error in imposing the role enhancement. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain-error standard of review when issues are not raised in district court). According to

_____

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

unobjected-to information in the presentence report (PSR), DeWitt had a recipe for making methamphetamine, and he had directed his co-conspirators and others to purchase pseudoephedrine for him in exchange for methamphetamine. See United States v. Yerkes, 345 F.3d 558, 563 (8th Cir. 2003) (§ 3B1.1(c) role enhancement was proper where defendant, among other things, requested his accomplices obtain methamphetamine precursors for him); United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993) (district court may accept as true all unobjected-to factual statements in PSR).

Accordingly, we affirm.

_____